**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-01805-MSK-BNB

DALE TENNY,

        Plaintiff,

vs.

BOULDER SCIENTIFIC COMPANY,
a Colorado corporation,

        Defendant.

---

**STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF "CONFIDENTIAL INFORMATION"**

---

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" ("Protective Order") is entered into by Plaintiff Dale Tenny and Defendant Boulder Scientific Company on the date entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

Plaintiff and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents, testimony, and other information that contains or may contain sensitive proprietary, business, financial, client, personal, medical, and personnel information (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such "Confidential Information" while preserving it from unauthorized, unnecessary disclosure.

Therefore, the parties stipulate and the Court hereby orders that the following principles and procedures designed to ensure the protection of "Confidential Information" will govern the production and disclosure of such "Confidential Information":

    1.    **<u>Scope of Order: Documents Covered.</u>** "Confidential Information" will include, without limitation, all documents produced, answers to interrogatories, responses to requests for

admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, designated as such by Plaintiff or Defendant.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.  Any party may designate such information as "Confidential Information" that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

2. **Designation Of "Confidential Information".**  Information may be designated as "Confidential Information" in the following manner:

   a. By imprinting or affixing a label with the word "Confidential" or "CONFID" on the first page or cover of any document; or

   b. By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission; or

   c. With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as "Confidential" within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

   d. With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty days after the testimony is given; or

e.     With respect to transcribed testimony, by designating such portions as "Confidential" on the record at the time such testimony is given or by designating such portions as "Confidential" no later than thirty days following receipt of the transcribed testimony.

3.     **Objections to Designations.**  If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection on the record during a deposition or in writing within fifteen days of its receipt of the designated information.  The parties will attempt first to resolve such dispute in good faith and on an informal basis.  If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court ~~(formally or informally)~~ within twenty days after the notice of the objection is given by the objecting party.  In any such dispute, the designating party will at all times bear the burden of proving the information designated as "Confidential Information" meets the standards for protection set forth in Fed. R. Civ. P. 26(c).  The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion.  If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Protective Order.

4.     **Limitations on Disclosure of "Confidential Information".**  All information disclosed by Plaintiff or Defendant designated as "Confidential Information" will be subject to the following restrictions:

      a.      All "Confidential Information" obtained by either party from the other party during the course of this action, shall be used <u>only</u> for purposes of this action, and shall not be used for any other purpose.

      b.      "Confidential Information" shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

      (1)      attorneys who are actively working on this case;

      (2)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

      (3)      the parties;

      (4)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

      (5)      witnesses specifically designated by the parties as such through discovery responses or in disclosures, except that with respect to such individuals, any party seeking to disclose the other party's "Confidential Information" shall notify the other party and give such party sufficient time in which to seek the protection of the Court before any Confidential Information is disclosed to any such individual.

      (6)      the Court in this case and their employees ("Court Personnel");

      (7)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

      (8)      deponents; and

       (9) other persons by written agreement of the parties.

    c. Individuals reviewing "Confidential Information" pursuant to this Protective Order will be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law. Individuals advised as to the confidential nature of such information must agree to be bound by this provision before the information will be disclosed to them.

  5. **Treatment of "Confidential Information" Upon Conclusion of Case.** At the conclusion of this case, unless other arrangements are agreed upon, the parties may elect to destroy "Confidential" documents, or each party may retain the "Confidential" documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

  6. **Parties' Own Documents**. The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

  7. **Submission of "Confidential Information" to the Court**. Any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any "Confidential Information" ~~will be filed in a sealed~~

~~envelope on which will be written the title of this action and the words, "CONFIDENTIAL INFORMATION COVERED BY COURT ORDER."~~ *shall be filed with the Court in a manner consistent with D.C.COLO.LCivR 7.2 and 7.3.*

8.  **Copies of "Confidential Information".**  Counsel for the parties and the parties themselves understand the confidential nature of "Confidential Information," and agree to limit their copying of "Confidential Information" to that which they believe is reasonably necessary for the prosecution/defense of this litigation.  Copies of "Confidential Information," and documents prepared by an expert that incorporate or reveal "Confidential Information," will be subject to the same treatment under this Order as the original "Confidential Information."

9.  **No Position as to Admissibility**.  By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order.  Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

10.  **Continuing Jurisdiction.**  The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

11.  **Modification Upon Showing of Good Cause.**  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

- 7 -

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" is approved by and entered as an order of the Court.

Stipulated and approved:

| DAVIS GRAHAM & STUBBS LLP | McCURDY & EICHSTADT, P.C. |
|---|---|
| _s/Stephanie A. Ries_____ | __s/Sean M. McCurdy_____ |
| Janet A. Savage | Sean M. McCurdy |
| Stephanie A. Ries | 1120 Lincoln Street |
| 1550 Seventeenth Street, Suite 500 | Suite 1306 |
| Denver, Colorado 80202 | Denver, Colorado 80203-2140 |
| Telephone: 303-892-9400 | Telephone: 303-832-8870 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

Dated January 4, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge